[Cite as *State v. Gallagher*, 2016-Ohio-8524.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                   Court of Appeals No. L-15-1102

       Appellee                              Trial Court No. CR0201402946

v.

David D. Gallagher                          **DECISION AND JUDGMENT**

       Appellant                              Decided:  December 30, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Steven Casiere, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common

Pleas that found appellant guilty of one count of aggravated robbery, a violation of R.C.

2911.01(A)(1),  and one count of kidnapping, a violation of R.C. 2905.01(A)(2) and (C).

For the following reasons, the judgment of the trial court is affirmed.

**{¶ 2}** The following undisputed facts are relevant to the issues raised on appeal. On September 28, 2014, Merissa Breyfogle was working alone in the Sherwin Williams store in Maumee, Ohio, when she heard someone enter. She then saw a man wearing a dust mask and a hood pulled tightly around his face approaching her. The man pointed what appeared to be a gun at Breyfogle and told her to give him "all your money." Breyfogle gave the man $192 from the cash register and then was told to take him to the store safe. She showed the man that the safe contained no money. He then told her to give him a roll of duct tape, which she retrieved from behind the counter in an area that only employees could access. The man told Breyfogle to put a piece of tape over her eyes, which she did, leaving enough space below for her to have limited vision.

**{¶ 3}** The man then made Breyfogle sit in an office chair. He took the roll of duct tape and wound it around her arms and chest so that she was held against the chair. He also taped her ankles together. The man then wheeled the chair out of the office and into a back room, where he taped the chair to a dolly and some shelving. After that, Breyfogle heard the man walk around the front of the store for a few minutes. Upon hearing the back door shut, Breyfogle began to free herself. She eventually freed her arms so that she could call 911. When the police arrived, Breyfogle had to unlock the front door because the intruder had locked it before he exited through the back.

**{¶ 4}** Breyfogle told the police that she recognized the man's voice as that of someone who had been in the store in May or June. She then looked up sales invoices from that time and identified him as "Dave," who worked for a company called KCS and

2.

had made purchases several times before. Breyfogle was able to provide police with a fairly detailed description of the man and his clothing. It is undisputed that several pieces of the tape used to bind Breyfogle were submitted to the Ohio Bureau of Criminal Investigation for analysis. Appellant's DNA was found on one piece of the tape.

{¶ 5} On December 9, 2014, appellant was indicted on one count of aggravated robbery and one count of kidnapping. A jury trial was held on March 4 and March 5, 2015. Appellant was found guilty of both offenses and sentenced to serve six years imprisonment for each offense with the sentences to be served consecutively.

{¶ 6} Appellant now sets forth the following assignments of error:

I. Appellant's conviction fell against the manifest weight of the evidence.

II. The trial court erred and violated appellant's constitutional rights by denying his Rule 29 motions.

III. The trial court erred when it failed to merge the aggravated robbery and kidnapping convictions.

{¶ 7} In support of his first assignment of error, appellant asserts that the jury lost its way in reaching its verdict because Breyfogle testified that she was 80 percent certain as to her identification of appellant based on his voice. Additionally, appellant asserts that evidence of his DNA on the duct tape used to restrain Breyfogle only proves that he was in the store at some time with access to that particular role of tape, not that he robbed the store and tied up Breyfogle.

3.

**{¶ 8}** A manifest weight challenge questions whether the state has met its burden of persuasion. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). In making this determination, the appellate court sits as a "thirteenth juror" and, after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Id.* at 386.

**{¶ 9}** The fact that Breyfogle testified she was 80 percent certain of her identification of appellant based on his voice, which she said she had heard several other times when he visited the store, does not render her testimony without credibility. There is no requirement that a victim state she is making an identification with 100 percent certainty. Further, appellant's argument that the DNA evidence is insufficient to support his convictions because his DNA was found on only one piece of the tape submitted to BCI for testing, as opposed to several pieces, is without merit. Appellant offers several explanations as to how his DNA might have ended up on the roll of tape kept behind the counter, none of which were given credence by the jury. Appellant offered no evidence that he had access to the shelf on which the tape was kept. As to the presence of appellant's DNA on only one piece of tape, witnesses for the state testified that once a clear identification was made, there was no reason to perform forensic analyses on other cuttings.

4.

{¶ 10} We have reviewed the record in its entirety and find no evidence that the fact-finder lost its way or created a manifest miscarriage of justice. Accordingly, appellant's first assignment of error is not well-taken.

{¶ 11} In support of his second assignment of error, appellant asserts that the trial court improperly denied his Crim.R. 29 motions because the state did not prove beyond a reasonable doubt every essential element of the two offenses charged. Appellant essentially argues a failure to prove identity.

{¶ 12} Crim.R. 29(A) requires a trial court to order an acquittal "if the evidence is insufficient to sustain a conviction of such offense or offenses." This court has recognized that the standard of review for a decision regarding a Crim.R. 29 motion for acquittal is the same as that for a decision on a sufficiency challenge, i.e.: "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Gonzales*, 6th Dist. Wood No. WD-12-037, 2014-Ohio-545, ¶ 35.

{¶ 13} Based on the evidence as summarized above, which included the presence of appellant's DNA on the tape used to bind the victim and the victim's fairly detailed identification of appellant, we find that the evidence was sufficient to sustain appellant's conviction. Accordingly, appellant's second assignment of error is not well-taken.

{¶ 14} In support of his third assignment of error, appellant asserts that the trial court should have merged the aggravated robbery and kidnapping convictions because

5.

they were offenses of similar import and were not committed by separate conduct or with separate animus.

{¶ 15} The Supreme Court of Ohio has held that in determining merger issues, the court must ask three questions: "(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation?" *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 31. If the answer to any of the questions is yes, then the two offenses do not merge, because "[t]he conduct, the animus, and the import must all be considered." *Id.*

{¶ 16} In this case, the robbery at gunpoint was accomplished before appellant restrained Breyfogle in the chair by binding her with duct tape. Breyfogle gave appellant the money from the register and showed him the empty safe before appellant taped her to the chair and pushed her out of the office and into the storage room in the back of the store. It is clear that the aggravated robbery was a separate act and not "merely incidental" to the act of restraining Breyfogle in the storage room, as appellant asserts.

{¶ 17} Based on the foregoing, we find that merger of appellant's two convictions was not required and, accordingly, appellant's third assignment of error is not well-taken.

{¶ 18} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J.                    _____
                                                              JUDGE
Thomas J. Osowik, J.            

Stephen A. Yarbrough, J.          _____
CONCUR.                                                   JUDGE

                                     _____
                                                              JUDGE